UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JODY G.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:21cv70 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(a), and for Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. §1382c(a)(3). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

    1.    The claimant meets the insured status requirements of the Social Security Act

through March 31, 2017.

2. The claimant has not engaged in substantial gainful activity since March 10, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: status post right knee anterior cruciate ligament (ACL) tear and repair; torticollis/degenerative disc disease of the cervical and lumbar spine; tendonitis/bursitis of the left shoulder, wrist and elbow; occipital neuralgia/headaches; obesity; acute cerebral vascular accident/left parietal lobe lesion; major depressive disorder; bipolar II disorder; anxiety disorder/social anxiety; agoraphobia; post-traumatic stress disorder (PTSD); panic disorder; generalized anxiety disorder; intermittent explosive disorder; and cannabis abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she could occasionally operate foot controls on the right; she could occasionally reach overhead with the bilateral upper extremities; she could frequently handle, finger and feel with the bilateral upper extremities; she could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch and crawl; she could occasionally operate a motor vehicle; she should avoid all exposure to wet, slippery or uneven surfaces, unprotected heights and unguarded moving machinery; she could understand, remember and carry out simple instructions related to concrete and tangible tasks; she could make judgments related to the same; she could respond appropriately to occasional and superficial interactions with coworkers and supervisors; she should avoid work activity requiring interactions with the general public; she could respond appropriately to usual work situations; and she could deal with routine changes in the a routine work setting free from fast paced production rates and few, if any, changes in terms or work settings, tools, or processes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 21, 1971 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

3

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 10, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 1359-1372).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on January 2, 2022. On February 14, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other

4

> work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the Commissioner did not meet her burden of establishing that a "significant number" of jobs existed in the national economy that Plaintiff, with her impairments, could perform. "If the claimant makes it past step four, the burden shifts to the Commissioner to demonstrate that the claimant can successfully perform a significant number of jobs that exist in the national economy." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) (citing *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001)). In the present case, in her decision the ALJ stated that:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.25. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:
>
> • Addresser, Dictionary of Occupational Titles (DOT) code number 209.587-010, at the sedentary exertional level, unskilled with a specific vocational preparation (SVP) of 2; with approximately 19,000 jobs nationally;
> • Table worker, DOT code number 739.687-182, at the sedentary exertional level,

      unskilled with an SVP of 2; with approximately 23,000 jobs nationally; and
- Document preparer, DOT code number 249.587-018, at the sedentary exertional level, unskilled with an SVP of 2; with approximately 47,000 jobs nationally.

Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, as supplemented by the expert's education, training, and experience with regard to the availability of jobs that can be performed despite limitations not necessarily contemplated by the DOT.

\*    \*    \*

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(Tr. 1371).

Plaintiff cites to *Sally S. v. Berryhill*, No. 2:18cv460 (July 23, 2019), for the proposition that the 89,000 total jobs identified by the VE are not a "significant number" of jobs in the national economy. In *Sally S.,* the Court held that 120,350 jobs in the national economy was not a significant number. *Sally S.* was decided in 2019 and, quite frankly, has proven unworkable in the ensuing years. Thus, later decisions from this Court have retreated from the *Sally S.* holding.[2]

The question of what is a "significant number" of jobs is a recurring issue in Social Security appeals in this District (and elsewhere) and, as both parties note, the Courts in the

---

[2] *See e.g., James A. v. Saul*, No. 1:19cv180-JVB (July 10, 2020); *Knapp v. Saul*, No. 1:20cv11- PPS (Feb. 12, 2021); *Dell v. Kijakazi*, No. 1:20cv299-WCL (Oct. 25, 2021); *Zych v. Saul*, No. 1:20cv414- SLC (Nov. 16, 2021); *Dugan v. Saul*, No. 1:20cv344- SLC (Nov. 10, 2021); *Levitz v. Kijakazi*, 1:20cv407-SLC (Jan. 12, 2022); *Milhem v. Kijakazi*, No. 1:20cv488-SLC (Jan 28, 2022); *Rhonda F. v. Kijakazi*, No. 3:21cv254- WCL (Feb. 1, 2022); *Kelly J. v. Kijakazi*; No. 3:21cv176-WCL (Mar. 2, 2022); *John B. v. Kijakazi*, No. 3:21cv485- WCL (Mar. 7, 2022).

Seventh Circuit have reached mixed results regarding what constitutes a "significant number" of jobs. In a non-precedential disposition, the Seventh Circuit stated in *dicta* that 110,000 jobs nationally was enough to support the ALJ's finding. *Primm v. Saul* 789 F.App'x 539, 546 (7th Cir. 2019). In *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009), the Seventh Circuit held that 4000 jobs in the Milwaukee area was not insignificant, and noted that "it appears to be well-established that 1,000 jobs is a significant number." However, it is not totally clear if the Seventh Circuit would hold that 1000 jobs in the national economy would constitute a "significant number", or what number would constitute a "significant number" in the national, as opposed to local or regional, economy. Or, perhaps, the Seventh Circuit would consider the issue solely a fact issue to be decided by the ALJ in each case, after considering testimony of the VE on the number of jobs available. *See Ruenger v. Kijakazi*, 2022 WL 134748, *2-3(Jan. 14, 2022)(noting that ALJs commonly rely on the testimony of VEs to estimate job numbers).

Thus, unless the number of jobs identified by the VE is startling low (or in the unlikely event Seventh Circuit sets forth a threshold), the undersigned will continue to defer to the ALJ and VE on the question of the significance of the number of identified jobs. Thus, remand is not warranted on this issue.

Plaintiff also raises a related issue, arguing that the ALJ failed to provide any analysis that demonstrated that the national job number was significant. Plaintiff asserts that the Commissioner "must prove what constitutes significance in a manner that is empirically based and that can be meaningfully reviewed." (Opening Brief at 16). However, there is nothing in the governing statute or regulations that imposes such a requirement on the Commissioner. *See Angela L. v. Saul*, 1:20cv481-SEB (S.D. Ind. July 7, 2021)(noting that "neither the Social

7

Security Act nor the Commissioner's regulations or rulings provide any definition, standard, or formula for significance, or a threshold number for significance...", citing *Schadenfroh v. Colvin*, 2014 WL 1260123, at *11 (S.D. Ind. Mar. 27, 2014)).  This Court is not inclined to impose a categorical rule.  *See Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019). Thus remand is not warranted and the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: March 14, 2022.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court
